# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MARTIN LINK, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 2:11-CV-4040-NKL |
| | ) CAPITAL CASE |
| JEREMIAH W. (JAY) NIXON & | ) (Plaintiff Link scheduled for execution |
| STATE OF MISSOURI, | ) on February 9, 2011) |
|     Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss [Doc. # 7] filed by Defendants the State of Missouri and Governor Jeremiah W. (Jay) Nixon. For the following reasons, the Court grants the motion.

**I.**    **Background**

Plaintiff Martin Link is scheduled for execution on February 9, 2011. Plaintiff Link brings this action against Defendants the State of Missouri and Governor Jeremiah W. (Jay) Nixon pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. Plaintiff claims that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution as well as his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff Link prays that this Court declare that Governor Nixon has a conflict of interest which "disentitles" him to reject Plaintiff's application for clemency. Plaintiff also

seeks injunctive relief, ordering that Nixon be disqualified from denying clemency to him and, if he does not grant Plaintiff clemency himself, to convene an independent board of inquiry. Finally, Plaintiff requests a stay of execution to permit the orderly disposition of the claims of this lawsuit.

The following facts are taken from Plaintiff's Complaint and are assumed true for purposes of this motion to dismiss. On October 17, 1995, Martin Link was convicted of the murder, rape, and kidnapping of an eleven-year-old girl. Link was sentenced to death upon the conviction of murder in the first degree, as prescribed under Missouri law. On January 7, 2011, the Missouri Supreme Court issued an execution warrant against Link, on the basis of which he is scheduled to be executed on February 9, 2011 at 12:01 a.m.

Governor Nixon has publicly sought authorization to seek the death penalty in matters of child rape. In *Kennedy v. Louisiana*, 554 U.S. 407 (2008), Nixon joined an amicus brief in support of Louisiana's attempt to execute a defendant for child rape. Nixon also served as Attorney General of Missouri when Link was tried, convicted, and sentenced to death. He continued serving as Attorney General throughout the direct appeal and post-conviction relief process. During these years, Nixon and his employees filed motions to set execution dates against Link and engage in various forms of litigation to deny him relief in court and to refute the evidence that now may be relevant for consideration for clemency and commutation.

Article IV, Section 7 of the Missouri Constitution states:

The governor shall have power to grant reprieves, commutations and pardons after conviction, for all offenses except treason and cases of impeachments, upon such conditions and with such restrictions and limitations as he may

deem proper, subject to provisions of law as to the manner of applying for pardons. The power of pardons shall not include the power to parole.

The Missouri Revised Statutes also provide:

> In the exercise of his powers under Article IV, Section 7 of the Constitution of Missouri to grant reprieves, commutations and pardons after convictions, the governor may, in his discretion, appoint a board of inquiry whose duty it shall be to gather information, whether or not admissible in a court of law, bearing upon whether or not a person condemned to death should be executed or reprieved or pardoned or whether the person's sentence should be commuted. It is the duty of all persons and institutions to give information and assistance to the board, members of which shall serve without remuneration. Such board shall make its report and recommendation to the governor. All information gathered by the board shall be received and held by it and the governor in strict confidence.

Mo. Rev. Stat. § 552.070.

Defendants the State of Missouri and Governor Nixon have moved to dismiss Link's Complaint for failure to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Discussion

### A. Standard for Motion to Dismiss

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545

(2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

### B. Plaintiff Link's Fourteenth Amendment Due Process Claim

Plaintiff Link argues that Governor Nixon has a predisposition and conflict of interest because of the positions he has taken in the past with respect to both Link's prosecution and the issue of capital punishment for child rape. Link notes that Governor Nixon has advocated capital punishment for child rape even in the absence of murder. Since Link has been convicted of first degree murder, in addition to child rape and kidnapping, he argues that Nixon could not possibly consider his clemency petition objectively. Therefore, Link claims that his Fourteenth Amendment substantive and procedural due process rights have been violated by Defendants under the color of state law.

#### 1. Procedural Due Process

Plaintiff Link's best argument is that he is entitled to minimal due process protections during Missouri's clemency proceedings and that the Governor's bias has violated such protections. As late as 1996, the Eighth Circuit wrote that due process never attached to clemency proceedings where the only right created under State law is the right to ask for

4

clemency. *Joubert v. Nebraska Board of Pardons*, 87 F.3d 966, 969 (8th Cir. 1996) (citing *Otey v. Stenberg*, 34 F.3d 635, 637-38 (8th Cir. 1994)).

In 1998, however, in *Ohio Adult Parole Auth. v. Woodard*, a majority of Justices of the U.S. Supreme Court indicated that there remained during the clemency process a constitutionally protected life interest. 523 U.S. 272 (1998). In *Woodard*, Chief Justice Rehnquist's plurality opinion asserted that the "process respondent seeks would be inconsistent with the heart of executive clemency, which is to grant clemency as a matter of grace, thus allowing the executive to consider a wide range of factors not comprehended by earlier judicial proceedings and sentencing determinations." *Id.* at 280-81. However, Justice O'Connor's concurrence – joined by Justices Souter, Ginsburg, and Breyer – argued that while a person's liberty interest is extinguished after being fairly convicted and sentenced, "it is incorrect, as Justice Stevens's dissent notes, to say that a prisoner has been deprived of all interest in his life before his execution." *Id.* at 289 (O'Connor, J., concurring). Justice O'Connor explained:

> [A]lthough it is true that pardon and commutation decisions have not traditionally been the business of courts, and that the decision whether to grant clemency is entrusted to the Governor under Ohio law, I believe that the Court of Appeals correctly concluded that some *minimal* procedural safeguards apply to clemency proceedings. Judicial intervention might, for example, be warranted in the face of a scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process.

*Id.* (internal quotation and citation omitted) (emphasis in original). In *Woodard*, Justice O'Connor did not find a violation of procedural due process because the process Woodard received comported with Ohio's regulations. *Id.* at 290.

Subsequently, the Eighth Circuit has found on one occasion that a death row inmate's challenge to Missouri Board of Probation procedures stated a valid Section 1983 claim. In *Young v. Hayes*, the inmate alleged that the district attorney had threatened to fire an attorney under her supervision if she provided information to the governor in connection with the inmate's clemency petition. 218 F.3d 850 (8th Cir. 2000). After citing *Woodard*, the Eighth Circuit explained:

> Certainly, the discretion of a governor to grant or deny clemency is unlimited in any ordinary circumstances. . . . If clemency is sought on the ground of ineffective assistance of counsel, racial discrimination in the trial process, or other procedural grounds, the Governor may grant or deny it as he chooses. The claim here is that the State . . . deliberately interfered with the efforts of petitioner to present evidence to the Governor.

*Id.* at 853.

Link's case is distinguishable from *Young v. Hayes* because he has alleged no such extraordinary facts indicating that the State deliberately interfered with his efforts to present evidence to the Governor. Instead, Link's case is much more analogous to *Roll v. Carnahan*, where a death row inmate claimed that Governor Carnahan was in no political position to objectively consider his clemency petition without establishing a board of inquiry. 225 F.3d 1016, 1017 (8th Cir. 2000). There, the Eighth Circuit wrote:

> We agree with the district court that the lawsuit fails to state a claim upon which relief may be granted. As the district court observed, although some

6

> minimal due process protections apply to a state clemency proceeding, the decision to grant or deny clemency is left to the discretion of the governor. Thus, Roll's complaint that the governor will not be objective fails. Unlike the plaintiffs in *Young v. Hayes*, Roll does not contend the state has deliberately interfered with his efforts to present evidence to the governor in connection with his clemency application. Instead, Roll wants a board of inquiry to present evidence on his behalf. Appointment of a board of inquiry is also left to the governor's sole discretion, however, so Roll has no due process right to the appointment. Because Roll failed to allege the defendants interfered with his clemency proceedings or denied him minimal due process protections, Roll's lawsuit fails to state a claim upon which relief may be granted.

*Id.* at 1017-18 (citations omitted).

The same reasoning as in *Roll* applies here. Although some minimal due process protections apply to a State clemency proceeding, under Missouri law the decisions of whether to grant or deny clemency and whether to appoint a board of inquiry are left to the discretion of the governor. According to Plaintiff's allegations, Governor Nixon's views regarding clemency were made public while he was Attorney General. Subsequently, Missouri voters elected Nixon to the position of Governor, holding the constitutional power to make clemency determinations. It is not alleged that Defendants simply rolled a dice to determine whether to grant clemency or intentionally interfered with Link's access to full clemency proceedings. Link's theory that Governor Nixon is simply predisposed to reject his petition for clemency fails to state a claim for which relief may be granted.

### 2. Substantive Due Process

Plaintiff Link's Complaint also claims that allowing Governor Nixon to deny clemency following his resistance to Plaintiff's arguments in prior litigation "would be so fundamentally unfair that it would shock the conscience and violate Mr. Link's right to due

7

process of law." [Doc. # 1 at ¶ 39.]  For the reasons stated above, the Court does not find that the clemency proceedings here shock the conscience.  Moreover, Plaintiff cannot point to any fundamental right to have his clemency petition decided by a governor who arrived to that position without making public statements in support of the death penalty.  Therefore, Plaintiff has also failed to state a substantive due process claim for which relief can be granted.

### C. Plaintiff Link's Eighth Amendment Claim

Under the rubric of the Eighth Amendment, Plaintiff's Complaint asserts the same argument that Governor Nixon is predisposed to deny him clemency.  The Eighth Amendment provides the right to freedom from cruel and unusual punishment.  For the reasons stated above, Plaintiff Link has failed to advance a theory as to why he is entitled to any greater clemency proceedings than have been afforded to him.  Therefore, Plaintiff also fails to state a claim for which relief can be granted with respect to the Eighth Amendment.

## III.     Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss [Doc. # 7] is GRANTED.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 7, 2011  
Jefferson City, Missouri